FAUSTINA PAULIN, Plaintiff

v.

DR. BELLE AQUINO, et. al., Defendants

Civil No. 842-78
Superior Court of Guam
February 11, 1980

- - - - -

- - - - -

ABBATE, Judge

## DECISION AND ORDER

This matter came before the Court on defendant's motion to dismiss. Defendant was represented by Assistant Attorney General Richard Opper. Plaintiff was represented by David Dooley. The matter was regularly heard before Judge Paul J. Abbate, and decision was reserved.

The basis of defendant's motion is that this action is barred by the Government Claims Act (§6500 et. seq. of the Government Code, and hereafter referred to as the Claims Act), and must therefore be dismissed. Plaintiff responds that a plain reading of the Claims Act does not produce this result, and that if the Act is given the reading the Attorney General's Office urges, there are serious Constitutional questions regarding the validity of the Act.

Defendant argues that Government Code §6500.10 as amended by Public Law 13-116:6 forbids a suit against an individual once there has been a claim filed under the Act on

the same act or transaction. §6500.10 states that the "remedies provided by this chapter shall be exclusive" and that "No further or additional proceedings against the employee or employees, officer or officers, agent or agents, whose acts or omissions gave rise to the claim may be heard by any Court once a claim has been filed pursuant to this chapter." Defendant further argues that any reading of §6500.10 which would not produce a bar to a second suit against the individual "would nullify the basic premise of the Government's Limitations on Tort Liability [Government Code of Guam §6500.13]."

A threshold question is whether there is a §6500.13. As originally included in the Claims Act, §6500.13 limited recovery to $10,000 in a wrongful death action and $25,000 in any other tort action. Public Law 12-26 made these limits respectively $35,000 and $100,000.00. Public Law 13-116:8 repealed and re-enacted §6500.13, adding subsections 'a' and 'b' which dealt with government 'health care professionals' and moving the limits on recovery to subsection (c) without changing them. Public Law 13-116:8 expired by terms of Public Law 13-116:9 one year from its effective date. Thus as the act went into effect on December 24, 1975, Government Code §6500.13 expired on December 24, 1976.

On May 27, 1977 Public Law 14-29:6 purported to repeal the repealer clause of Section 9 of Public Law 13-116, but after it had already gone into effect. In Manisuban v. G.M.H., Superior Court of Guam Case No. 285-78 [2 Guam R. 63, 66], the Court in its Decision and Order of November 2, 1978 ruled that "§6500.13 was revived by Section 6 of Public Law 14-29.", citing 1A Sutherland on Statutory Construction, Section 23.31 (3rd Ed.). The Court will follow this ruling in the present case, as the intent of the Legislature is clearly to revive §6500.13.

However, following this action the Fourteenth Guam Legislature once again attempted to affect Government Code §6500.13. In Section 4 of Public Law 14-79 the Legislature purportedly amended Section 9 of Public Law 13-116 to read: "The provisions of Section 8 shall expire June 30, 1978." Section 8 of Public Law 13-116 was, of course, the section which repealed and re-enacted the original Government Code §6500.13. What is the effect of this statute?

This Court has held that Public Law 14-29 repealed Section 9 of Public Law 13-116. Thus, Public Law 14-97:4 is a purported amendment of a repealed section.

> [S]ince an amendatory act alters, modifies, or adds to a prior statute, all courts hold that a repealed act cannot be amended. No court will give the attempted

amendment the effect of reviving the repealed act. 1A Sutherland Statutory Construction. §22.03.

The only remaining question is whether the amendment itself should be given any effect. Some jurisdictions give no effect to purported amendments to repealed statutes. Other courts "recognize the mistake of the legislature and try to determine and give effect to its intent." Sutherland, supra, §22.03. In this case, it is not necessary to try to place Guam in one school of thought or the other, for even should the court attempt to effect the intent of the legislature, it is impossible to ascertain what that intent was.

In enacting Public Law 14-97:4, the Legislature was evidently unaware that it has previously revived Government Code §6500.13 without a time limit by Public Law 14-29:6. The Legislature determined that it was better to revive §6500.13 with a time limit of June 30, 1978 than to have no time limit at all. But the Court cannot say that the Legislature would have acted in the same manner if it had been aware that §6500.13 had been revived by Public Law 14-29 without a time limit. It is a different decision to add to the Act, as the Legislature thought it was doing in Public Law 14-97 and to time limit the effect of the Act, as the Legislature was actually doing. Thus, it is the decision of this Court that Public Law 14-97:4 had no effect, and that §6500.13 is operative.

The validity of Government Code §6500.13 is a prelude to deciding this motion, for Plaintiff relies on Government Code §6500.20. As defendant noted in brief, prior to the enactment of Public Law 13-116, the limitations on actions were contained in Government Code §6500.20, which provides: "Settlement . . . or final judgment . . . shall bar the claimant from any further proceedings against the employee . . . unless:    (b) the Court certifies that it would have awarded the claimant more but for the limitations of §6500.13." Thus, if there still are limitations on the amount of recovery against the Government, it is plaintiff's argument that as the prayer in his suit against the Government is more than the amount of the limit, it is for the possibility of a recovery against the individual after certification under Government Code §6500.20 that the instant suit is filed.    §6500.20 has not been amended since Public Law 9-175, the original Claims Act, and as the Harvard Student Legislative Reserach Bureau who drafted the Act put it in their official comments which were before the Ninth Legislature:    "if the claim is a large one, and the trial judge certifies that he would have awarded more but for the limitaitons of §6500.13, the claimant may sue the employee for what is in effect a deficiency judgment."

Defendants' reading of Government Code §6500.10 produces a contradiction of §6500.20. But the Legislature could have amended or repealed §6500.20 when it enacted Public Law 13-116, and chose not to do so. "In terms of legislative intent, it is assumed that whenever the Legislature enacts a provision it has in mind previous statutes relating to the same subject matter." Sutherland, supra, §51.02. "Statutes in pari materia, although in apparent conflict, are so far as reasonably possible construed to be in harmony with each other."

Thus, before reading §6500.10 as an absolute bar to suit against the individual, it is first the duty of the Court to seek a construction which does not contradict §6500.20. If §6500.10 is read to provide a stay in proceedings against an individual until the close of the Government Claims case (to await possible certification under §6500.20) when it states that "no further or additional proceedings against the employee or employees, officer or officers, agent or agents, whose acts or omissions gave rise to the claim may be heard by any Court once a claim has been filed pursuant to this Chapter.", such a harmonious reading is possible. And such a reading does not violate the mandate of §6500.10 that the Act be an "exclusive" remedy, for the suit against the individual is authorized by an a part of the Act. Such a reading also does not leave a plaintiff perhaps barred from initiating suit against the individual by the statute of limitations due to the lapse of time before a §6500.20 certification of the right to proceed.

Given this reading of the statutes, it is not necessary to reach plaintiffs arguments regarding the validity of the statutes if given the reading urged by defendant.

The motion to dismiss is DENIED.